## Case No. 16,305.

UNITED STATES v. SIXTY 5-8 CARATS BRILLIANTS.

[10 Blatchf. 221.] 1

Circuit Court, S. D. New York. Nov. 25, 1872.

ERROR TO DISTRICT COURT — QUESTIONS REVIEWABLE—DECISIONS OF FACT AND LAW.

1. After the condemnation of property, in the district court, as forfeited to the United States, for a violation of the customs laws, W. and E. each claimed a share as informer. That court adjudged that neither was informer, but awarded a share to W., as seizing officer, under section 1 of the act of March 2, 1867 (14 Stat. 546). E. then sued out a writ of error from this court. Held that, on such writ, the decision of the district court that, as matter of fact, E. was not the first informer, could not be reviewed.

2. It was not an error in law for the district court to so decide, although the commissioner who, by order of that court, took the proofs, reported them with his opinion in favor of E.

3. A writ of error to the district court brings to the consideration of this court questions of law only.

[Error to the district court of the United States for the Southern district of New York.]

Theodore N. Melvin, for Esmond.
William Stanley, for Whitely.

WOODRUFF, Circuit Judge. The property proceeded against was seized by the

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

officers of the United States, and, on information filed, was condemned, in the district court, as forfeited, because it was introduced into this country without the payment of duty. [Case unreported.] After condemnation, H. C. Whitely and F. S. Esmond each applied to the district court for an order adjudging him to be the informer entitled to share in the proceeds of the condemnation. Act March 2, 1867; 14 Stat. 546, § 1. The district court, on a contest between the two claimants, decided and adjudged that neither of them was the first informer, nor entitled, as such, to share in the proceeds, and, there being no other claimant, the court decided that H. C. Whitely, as seizing officer, was entitled to share in the proceeds. Thereupon, a writ of error was procured and allowed, for the purpose of correcting what the said Esmond alleges to be error in the said order, to his prejudice.

Without considering the objection that no writ of error will lie for the correction of a proceeding of this kind, or the objection that, if it will lie, it is not in proper form, it must suffice to say, that a writ of error brings to the consideration of this court questions of law only. The complaint here is, that, upon questions of fact, strenuously contested, and in relation to which there was conflict of testimony, the district court came to an erroneous conclusion. It is quite immaterial to this party alleging error, whether the decision that Whitely was not the first informer was correct or not; and, if Esmond was not the first informer, then it is immaterial to him whether Whitely was or was not entitled as seizing officer. Esmond, in either case, is not aggrieved by the decision or adjudication. If he was not the first informer, he has no possible interest in the matter, and is not aggrieved. The district court found, as a fact, upon the evidence, that Esmond was not the first informer. That finding of fact is not the subject of review by writ of error, when the record does not show that any rules of law were violated, or any erroneous construction of the statute was applied to the facts proved.

The circumstance, that the proofs were, by order of the court, taken before a commissioner, and were reported with his opinion in favor of Esmond, does not affect this question. The district court was not bound, by law, to adopt the opinion of the commissioner as conclusive. It had power to, and did, look into the conflicting proofs reported by the commissioner, and, on finding, as a fact, that Esmond was not the first informer, made an adjudication, which, upon that finding, was a necessary legal result, namely, that he was not entitled to share in the proceeds of the forfeited property. I find no error of law which calls for any reversal of the order. Let it be affirmed.